IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JIMMIE BELL; JIMMIE BELL AS TRUSTEE OF SECOND BELL TRUST; and FOURTH BELL, LLC,<br><br>Defendants. | CASE NO.: 6:24-cv-03082-SRB |

## AMENDED COMPLAINT

The United States of America alleges as follows:

1. The United States brings this action to enforce the provisions of Title VIII of the Civil Rights Act of 1968 (the "Fair Housing Act"), as amended, 42 U.S.C. §§ 3601, *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 3612(o)(1) and 3614(a).

3. Venue is proper in this district under 28 U.S.C. § 1391(b) because the actions and omissions giving rise to the United States' claims occurred in the Western District of Missouri, and Defendants reside or do business in the Western District of Missouri.

4. Venue in the Southern Division is proper under Local Rule 3.2(a)(3)(A).

## THE DEFENDANTS AND SUBJECT PROPERTIES

5. Defendant Jimmie Bell ("Defendant Bell") is a resident of Springfield, Missouri.

6. Defendant Bell is the trustee of Second Bell Trust ("Defendant Bell as trustee of

Second Bell Trust").

7. Defendant Fourth Bell, LLC ("Defendant Fourth Bell, LLC") is a limited liability company incorporated in Missouri on August 9, 2013, with its principal office located at 1824 East Bennett Street, Springfield, Missouri.

8. Defendant Bell is the registered agent of Defendant Fourth Bell, LLC.

9. At various times since 2001, Defendants have owned and/or managed over 100 residential rental properties in and around Springfield, Missouri (the "Subject Properties").

10. The Subject Properties are "dwellings" within the meaning of 42 U.S.C. § 3602(b).

11. During part of the period relevant to this action, Second Bell Trust owned many of the Subject Properties, including but not limited to the following properties in Springfield, Missouri: 1520 South Saint Charles Avenue; 2758 West Sylvia Court; and 1212 West Talmage Street.

12. Second Bell Trust currently owns at least fifty residential rental properties in and around Springfield, Missouri.

13. During part of the period relevant to this action, Defendant Fourth Bell, LLC owned many of the Subject Properties, including but not limited to the following properties in Springfield, Missouri: 2426 North Delaware Avenue; and 1006 North Davies Avenue.

14. Defendant Fourth Bell, LLC currently owns at least thirty-six residential rental properties in and around Springfield, Missouri.

15. Defendant Bell had authority to act on behalf of Second Bell Trust and actively participated in the management of the Subject Properties that Second Bell Trust owned.

16. Defendant Bell had authority to act on behalf of Defendant Fourth Bell, LLC and

actively participated in the management of the Subject Properties that Defendant Fourth Bell, LLC owned.

## FACTUAL ALLEGATIONS

17. At all times relevant to this action, Defendant Bell performed management duties at the Subject Properties including, but not limited to, selecting tenants, setting rates for rent and security deposits, collecting rent, accepting requests for repairs, and evicting tenants.

18. At all times relevant to this action, Defendant Bell's rental office was located at 1824 East Bennett Street in Springfield, Missouri.

19. In July 2017, Destiny Cox moved into 1520 South Saint Charles Avenue in Springfield, Missouri. At that time, Second Bell Trust owned this Subject Property and Defendant Bell, acting as Second Bell Trust's agent, managed it.

20. From approximately October 2017 through May 2019, Defendant Bell subjected Ms. Cox to discrimination on the basis of sex, including unwelcome sexual harassment that was severe or pervasive. The harassment included, but was not limited to:

   a. Repeatedly making unwelcome comments to Ms. Cox of a sexual nature, including comments that she was a "beautiful lady," that Defendant Bell wished she "didn't have a boyfriend" living with her, and that her "butt looks good" or words to that effect;

   b. Offering to grant tangible housing benefits – such as making needed repairs and excusing late or unpaid rent – in exchange for sex acts, saying things like, "there are ways we can work this out," and "what are you going to do for me?";

   c. Subjecting Ms. Cox to unwanted touching, including by grabbing Ms. Cox's breasts and sticking his hand down the front of Ms. Cox's pants; and

      d. Exposing and touching his penis in front of Ms. Cox when she attempted to pay rent.

21. Ms. Cox repeatedly rejected Defendant Bell's sexual advances and made clear that his conduct was unwelcome, including by:

      a. Pushing Defendant Bell away when he touched her breasts and tried to put his hand down the front of her pants;

      b. Making excuses that she was sick when Defendant Bell attempted to touch her or solicited sexual acts from her; and

      c. Directly confronting Defendant Bell in his rental office in April 2019 about his unwanted sexual conduct.

22. Defendant Bell retaliated against Ms. Cox for opposing his discriminatory conduct. On May 2, 2019, within weeks of Ms. Cox rejecting Defendant Bell's sexual advances and directly confronting him in his rental office in April 2019, Defendant Bell filed a petition in the Circuit Court of Greene County, Missouri for rent and possession of the Subject Property in which Ms. Cox lived, claiming that Ms. Cox owed over $12,000 in unpaid rent. On May 21, 2019, the matter was dismissed when Defendant Bell failed to appear in court.

23. On May 29, 2019, Defendant Bell issued Ms. Cox a notice of lease non-renewal, claiming that he was selling the house "due to [his] present financial situation." However, Second Bell Trust continued to own the Subject Property in which Ms. Cox lived for another two and a half years, until November 2021.

24. In August 2019, pressured by Defendant Bell's sexual harassment, eviction attempt, and notice of lease non-renewal, Ms. Cox vacated the Subject Property in which she lived.

4

Case 6:24-cv-03082-SRB   Document 6   Filed 05/20/24   Page 4 of 12

25. Defendant Bell's discriminatory conduct, as described above, occurred while Ms. Cox was living at 1520 South Saint Charles Avenue, a Subject Property that Second Bell Trust owned, while Defendant Bell was exercising his authority as an agent for Second Bell Trust, and was aided by the existence of that agency relationship. Defendant Bell as trustee of Second Bell Trust is therefore vicariously liable for Defendant Bell's conduct.

26. Defendant Bell has subjected other female tenants at the Subject Properties to discrimination on the basis of sex, including unwelcome sexual harassment that was severe or pervasive. The harassment included, but was not limited to:

   a. Making unwelcome sexual comments and advances to female tenants;

   b. Offering to grant tangible housing benefits – such the opportunity to rent a different home – to female tenants in exchange for sex acts;

   c. Attempting to touch female tenants in a sexual manner without their consent;

   d. Subjecting female tenants to unwelcome sexual touching; and

   e. Taking adverse housing actions—such as refusing to make needed repairs or initiating eviction actions—against female tenants who refused his sexual advances.

27. For example, in 2014, Defendant Bell subjected a female tenant who rented a dwelling that Defendant Fourth Bell, LLC owned to repeated and unwelcome sexual comments, advances and touching, and retaliated against her when she rejected his advances. Specifically, in the summer of 2014, Defendant Bell visited the tenant's home multiple times, each time accusing her of owing rent, and inviting her to his home to discuss the rent he claimed she owed. When the tenant asked him why he wanted her to go to his house, Defendant Bell said, "I can lock the door and no one will bother us," or words to that effect. It was clear to the tenant, based on

Defendant Bell's tone of voice and body language, that he was suggesting they do something sexual together at his house, and she refused to go with him. Shortly after these visits, Defendant Bell filed a petition in the Circuit Court of Greene County, Missouri for rent and possession of the Subject Property in which the tenant lived. After a hearing related to this petition, Defendant Bell followed the tenant to her car, grabbed her breasts, and said they could "take care of things," if she went with him to his house, or words to that effect. The tenant pushed his hands away, told him not to touch her, and asked him to leave her alone. After this, Defendant Bell continued to pursue his petition for rent and possession, obtaining a judgment against the tenant and seeking to have her wages garnished repeatedly, as recently as 2023.

28. In another example, from approximately 2013 to approximately 2017, Defendant Bell subjected a female tenant to repeated and unwelcome sexual comments, advances, and touching. The tenant lived in three different dwellings that Defendant Bell managed. Second Bell Trust owned two of the dwellings and Defendant Fourth Bell, LLC owned the third. Defendant Bell told the tenant that he loved Black women with big breasts, and asked to touch, lick, and suck on the tenant's breasts. Defendant Bell made comments about the tenant's "pussy," saying things like, "can I touch your pussy?" Defendant Bell grabbed the tenant's breasts and tried to touch her between her legs. The tenant repeatedly rejected Defendant Bell's sexual advances, including by saying "no" and pushing his hands away when he touched her or tried to touch her. Defendant Bell stopped doing repairs for the tenant when he learned that her boyfriend was living with her. In 2017, after the tenant stopped paying rent because of Defendant Bell's failure to make necessary repairs, Defendant Bell filed a petition in the Circuit Court of Greene County, Missouri for rent and possession of the Subject Property in which the tenant lived. The petition was dismissed when Defendant Bell failed to appear in court. In or around August 2017,

6

pressured by Defendant Bell's sexual harassment, refusal to do repairs, and eviction attempt, the tenant vacated the Subject Property in which she lived.

29. Defendant Bell's discriminatory conduct, as described in paragraphs 26 through 28, above, occurred at Subject Properties owned by Second Bell Trust and Defendant Fourth Bell, LLC while Defendant Bell was exercising his authority as their agent, and was aided by the existence of that agency relationship. Defendant Bell as trustee of Second Bell Trust and Defendant Fourth Bell, LLC are therefore vicariously liable for Defendant Bell's conduct.

30. The above-described actions and conduct of Defendant Bell caused female tenants to suffer economic loss, fear, anxiety, and emotional distress, and interfered with their ability to secure housing for themselves.

31. Defendant Bell's conduct, as described in this Complaint, was intentional, willful, and taken in reckless disregard of the rights of others.

## HUD ADMINISTRATIVE PROCESS

32. On May 20, 2019, Ms. Cox filed a timely complaint with the United States Department of Housing and Urban Development ("HUD"), which was amended on June 22, 2023, based on Defendant Bell's sexual harassment of her throughout her tenancy.

33. Pursuant to 42 U.S.C. § 3610, the Secretary of HUD conducted and completed an investigation of the complaint, attempted conciliation without success, and prepared a final investigative report. Based upon the information gathered in the investigation, the Secretary, pursuant to 42 U.S.C. § 3610(g)(1), determined that reasonable cause existed to believe that Defendant Bell individually, Second Bell Trust, and Defendant Bell as trustee of Second Bell Trust, violated the Fair Housing Act. Therefore, on August 31, 2023, the Secretary issued a Charge of Discrimination, pursuant to 42 U.S.C. § 3610(g)(2)(A), charging Defendant Bell

individually, Second Bell Trust, and Defendant Bell as trustee of Second Bell Trust, with engaging in discriminatory housing practices on the basis of sex.

34. On September 12, 2023, Defendant Bell individually, Second Bell Trust, and Defendant Bell as trustee of Second Bell Trust, elected to have the claims asserted in the HUD Charge resolved in a civil action pursuant to 42 U.S.C. § 3612(a). That same day, the Administrative Law Judge issued a Notice of Election to Proceed in United States Federal District Court and terminated the administrative proceeding on Ms. Cox's complaint.

35. Following this Notice of Election, the Secretary of HUD authorized the Attorney General to commence a civil action, pursuant to 42 U.S.C. § 3612(o).

36. On September 22, 2023, the United States, Second Bell Trust, and Defendant Bell executed an agreement tolling the statute of limitations for the claims raised, or which could be raised, in connection with the HUD complaint through December 11, 2023. On December 6, 2023, the United States, Second Bell Trust, and Defendant Bell executed an amendment to the tolling agreement extending the statute of limitations for filing this complaint through March 11, 2024. On March 8, 2024, the parties executed a second amendment to the tolling agreement extending the statute of limitations for filing this complaint through March 25, 2024.

## CAUSE OF ACTION

### COUNT I

37. Plaintiff realleges and incorporates by reference herein the allegations described above.

38. By the actions and statements described above, Defendant Bell and Defendant Bell as trustee of Second Bell Trust have:

a. Denied housing or otherwise made housing unavailable because of sex, in violation of 42 U.S.C. § 3604(a);

b. Discriminated in the terms, conditions, or privileges of the rental of a dwelling, or in the provision of services or facilities in connection therewith, because of sex, in violation of 42 U.S.C. § 3604(b);

c. Made statements with respect to the rental of a dwelling that indicate a preference, a limitation, or discrimination based on sex, in violation of 42 U.S.C. § 3604(c); and

d. Coerced, intimidated, threatened, or interfered with Ms. Cox in the exercise or enjoyment of, or on account of her having exercised or enjoyed, rights granted or protected by 42 U.S.C. § 3604, in violation of 42 U.S.C. § 3617.

39. Ms. Cox is an "aggrieved person" as defined in 42 U.S.C. § 3602(i), and has suffered damages as a result of Defendants Bell's and Defendant Bell as trustee of Second Bell Trust's discriminatory conduct.

## COUNT II

40. Plaintiff realleges and incorporates by reference herein the allegations described above. By the actions and statements described above, Defendants' conduct constitutes a denial to a group of persons of rights granted by the Fair Housing Act that raises an issue of general public importance.

41. Female tenants have been injured by the Defendants' discriminatory conduct. These persons are "aggrieved persons" as defined in 42 US.C. § 3602(i), and have suffered damages as a result of Defendants' discriminatory conduct.

# **PRAYER FOR RELIEF**

WHEREFORE, the United States prays that this Court enter judgment against Defendants and requests relief as follows:

42. Declares that Defendants' actions, policies, and practices, as alleged herein, violate the FHA;

43. Enjoins Defendants, their agents, employees, and successors, and all other persons in active concert or participation with them, from:

   a. Engaging in discrimination on the basis of sex in any aspect of the rental or lease of a dwelling;

   b. Engaging in discrimination on the basis of sex in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection therewith;

   c. Making statements with respect to the rental of a dwelling that indicate a preference, a limitation, or discrimination based on sex;

   d. Coercing, intimidating, threatening, or interfering with persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, their rights granted or protected by the Fair Housing Act;

   e. Failing or refusing to take such affirmative steps as may be necessary to restore the aggrieved persons, as nearly as practicable, to the positions they would have been in but for the discriminatory conduct; and

   f. Failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to

eliminate, to the extent practicable, the effects of Defendants' unlawful housing practices.

44. Awards monetary damages to Ms. Cox in accordance with 42 U.S.C. §§ 3612(o)(3) and 3613(c)(1);

45. Awards monetary damages to each additional person aggrieved by the Defendants' discriminatory conduct, as authorized by 42 U.S.C. § 3614(d)(1)(B);

46. Assesses a civil penalty against the Defendants to vindicate the public interest, as authorized by 42 U.S.C. § 3614(d)(1)(C) and 28 C.F.R. § 85.3(b)(3); and

47. Awards such additional relief as the interests of justice may require.

## DEMAND FOR JURY TRIAL

48. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the United States hereby demands a trial by jury.

Dated: May 20, 2024

Respectfully submitted,

|  |  |
|---|---|
|  | MERRICK GARLAND<br>Attorney General |
| TERESA A. MOORE<br>United States Attorney<br>Western District of Missouri | KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division |
|  | CARRIE PAGNUCCO<br>Chief |
| /s/ Charles M. Thomas<br>CHARLES M. THOMAS<br>Missouri Bar #28522<br>Assistant United States Attorney<br>Western District of Missouri<br>United States Courthouse<br>400 East 9th Street, Room 5510<br>Kansas City, MO 64106<br>Telephone: (816) 426-4299<br>Email: cthomas@usa.doj.gov | /s/ Terrence K. Mangan, Jr.<br>MEGAN K. WHYTE DE VASQUEZ<br>Deputy Chief<br>TERRENCE K. MANGAN, JR.<br>Maryland Bar #2006010006<br>Trial Attorney<br>Housing and Civil Enforcement Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW – 4CON<br>Washington, DC 20530<br>Phone: (202) 531-5995<br>Fax: (202) 514-1116<br>E-mail: terrence.mangan2@usdoj.gov |
| /s/ Wyatt R. Nelson<br>WYATT R. NELSON<br>Missouri Bar #72944<br>Assistant United States Attorney<br>901 St. Louis Street, Suite 500<br>Springfield, MO 65806<br>Telephone: (417) 831-4406<br>E-mail: Wyatt.Nelson@usdoj.gov | Attorneys for Plaintiff<br>United States of America |